**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 22-192** |
| | : | |
| **FRANCIS J. BATTISTA** | : | |

**ORDER**

Defendant Francis J. Battista moves for my disqualification. (Doc. No. 357, 359.) This is yet another in a series of attempts to secure my removal. (Doc. Nos. 306, 308.) As I did before (Doc. No. 331), I will deny Battista's present Motion. (Doc. No. 357, 359.)

Under 28 U.S.C. § 445(a), "recusal is required when 'a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Muhammad, 763 F. App'x 284, 286 (3d Cir. 2019) (quoting In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004)). Reasons for mandatory disqualification include, *inter alia*, personal bias or prejudice toward a party, financial interest in the outcome of the proceeding, family members' involvement in the case, and a prior employment relationship with an attorney litigating the matter. See 28 U.S.C. § 445(b)(1)–(5). Such reasons "should be supported by substantial justification, not fanciful illusion." Martin v. Monumental Life Ins. Co., 240 F.3d 223, 237 (3d. Cir. 2001).

"[R]ecusal is not required on the grounds of the 'unsupported, irrational, or highly tenuous speculation.'" In re Muhammad, 763 F. App'x at 286 (quoting In re United States, 666 F.2d 690, 694 (1st Cir. 1981)). "Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings." Liteky v. United States, 510 U.S. 540, 551 (1994); see also Securacomm Consulting, Inc. v. Securacom, Inc., 224

F.3d 273, 278 (3d Cir. 2000) ("A party's displeasure with legal rulings does not form an adequate basis for recusal." (citations omitted).)

Battista falsely alleges that the "cumulative record demonstrates an entrenched adverse judgment extending into unresolved financial, medical, and sentencing matters," and that I harbor a "generalized judgment of dishonesty" toward him. (Doc. No. 357 ¶¶ 2, 4.) Battista's evident displeasure with my rulings does warrant my disqualification under 28 U.S.C. § 445(a). See Liteky, 510 U.S. at 550-51 ("The judge who presides at a trial may . . . be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice."). Accordingly, I will deny the Motion.

***

**AND NOW**, this 22nd day of September, 2026, upon consideration of the Defendant's Motion for Disqualification Under 28 U.S.C. § 455(a) and Supporting Memorandum (Doc. No. 357, 359), it is hereby **ORDERED** that the Motion (Doc. No. 357, 359) is **DENIED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.